IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank John Arnold,<br><br>        Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | No. CV-15-00828-PHX-PGR<br><br>ORDER |

      Pending before the Court is the petitioner's [Second Amended Motion] to Alter or Amend Judgement (Doc. 49), filed pursuant to Fed.R.Civ.P. 59(e), which the Court deems to relate back to the timely filing of the petitioner's original Rule 59(e) motion (Doc. 46).[1] Having considered the motion in light of the applicable record, the Court finds that it should be denied.

      A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly[.]" Wood v. Ryan, 759 F.3d 1117, 1121 (9th Cir.2014). The Court may consider the

---

[1] The Ninth Circuit has ruled that the petitioner's original Rule 59(e) motion (Doc. 46), filed with this Court on May 25, 2017, was timely filed. *See* Ninth Circuit order, filed June 6, 2017, in No. 17-16106 (Doc. 45 on this Court's docket). On June 13, 2017, the petitioner filed his first replacement Rule 59(e) motion (Doc. 47). The Court deems the petitioner's first two Rule 59(e) motions to have been withdrawn in favor of his pending second replacement motion.

merits of a Rule 59(e) motion filed in a habeas action only to the extent that it asks the Court to correct manifest errors of law or facts underlying its judgment of dismissal. Rishor v. Ferguson, 822 F.3d 482, 492 (9th Cir.2016). The Court enjoys "considerable discretion" in resolving such a motion. *Id.*

In its Order (Doc. 41) dismissing this § 2254 action, the Court, in agreement with the recommendations of the Magistrate Judge, which the petitioner did not address in his objections to the Report and Recommendation, found as follows: that the petitioner's claims in his Grounds One and Four failed because the Arizona Court of Appeals' rejection of them was neither contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor did it involve an unreasonable determination of the relevant facts in light of the state court record; that the petitioner's claims in his Grounds Two and Three failed because he had procedurally defaulted on them inasmuch as he did not present them to the state courts on direct appeal or in his PCR proceedings, and that he has not demonstrated either a cause for the defaults and prejudice resulting from them or the existence of a fundamental miscarriage of justice; and that the petitioner's claim in his Ground Five failed because it was not cognizable in a federal habeas proceeding, and that, to the extent it was meant to establish cause and prejudice for his procedural default of Ground Two, was unavailing since his ineffective assistance claim was not a substantial one as required by Martinez v. Ryan, 132 S.Ct. 1309 (2012).

Nothing in the petitioner's pending Rule 59(e) motion convinces the Court that it clearly erred in accepting and adopting the Report and Recommendation because the petitioner again fails to address the reasoning behind the Court's dismissal

1 | order.[2] The petitioner is in effect merely asking the Court to reconsider arguments
2 | that it has already rejected and the Court declines to do so. Therefore,

IT IS ORDERED that the petitioner's [Second Amended Motion] to Alter or Amend Judgement (Doc. 49) is denied.

IT IS FURTHER ORDERED that the petitioner's [Second Amended] Application for Certificate of Appealability (part of Doc. 49) is denied and that a Certificate of Appealability shall not issue because the petitioner has not shown that jurists of reason would find it debatable whether his Rule 59(e) motion states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the Court is correct in its procedural ruling.

IT IS FURTHER ORDERED that the petitioner's [Second Amended Motion for] Appointment of Counsel (part of Doc. 49) is denied.

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the Ninth Circuit Court of Appeals with a copy of this Order to be filed in No. 17-16106.

DATED this 5th day of October, 2017.

_____
Paul G. Rosenblatt
United States District Judge

---

[2] To the extent that the petitioner is attempting to raise new claims in his Rule 59(e) motion, the Court has no authority to consider them unless and until the Ninth Circuit grants the petitioner permission to file a second or successive habeas petition containing those claims. Rishnor v. Ferguson, 822 F.3d at 492-493.